■    In the Matter of DELVIN MILLER, Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Harness Racing Commission, which sustained the action of the Presiding Judge and Associate Judges at Roosevelt Raceway in changing the finish position of the standard-bred horse, Modern Yankee, from second to third place. Modern Yankee, a filly driven by Delvin Miller, participated in the "Proximity Trot", a nonbetting trotting race, at Roosevelt Raceway on September 20, 1971, finishing in second position. Mr. Nuhn, the Presiding Judge, testified that he saw her go off the required trotting gait and into one of racking or pacing at about the sixteenth pole, that she continued through

the stretch until 100 feet from the wire when the driver "took her back", that she returned to trotting 50 feet from the wire and continued trotting going "through the wire". This irregularity was discussed with Murtha and Mac Murray, the two Associate Judges, and the three unanimously decided to leave Modern Yankee in second position. Murtha and MacMurray reviewed the video tape of the race on September 21. On the evening of September 22, the three judges viewed the film at least 10 and perhaps upwards of 20 times, on which occasion it was noted that the filly had paced longer than they had assumed and that Miller had not taken her back immediately and had not made enough effort when she first went off trotting to bring her back on stride. The judges then voted unanimously to change the order of finish and to place Modern Yankee third instead of second. The Harness Racing Commission, following the recommendation of the hearing officer, confirmed the decision of the judges. Under the rules and regulations of the Harness Racing Commission, the Presiding Judge and Associate Judges have authority to determine all questions of fact relating to the race and to investigate every apparent rule violation (19 NYCRR 85.6). Among their duties, they are to closely observe the performance of all competing horses and drivers, to determine the result of every race contested before them and to place the horses competing in every race in the order of their finish, and, where a rule violation is suspected, to conduct an inquiry promptly and to take such action as may be appropriate (19 NYCRR 85.8). Section 97.10 of said rules and regulations, entitled "Breaking horses", provides: "(a) When a horse breaks from its gait, the driver shall: (1) avoid interfering with another horse or driver; (2) take to the outside, where clearance exists; (3) pull his horse to its proper gait; (4) lose ground by the break. (b) If there has been no failure on the part of the driver in complying with paragraphs (1) through (4) of subdivision (a), the horse shall not be set back unless a contending horse on his gait is lapped on the hind quarter of the breaking horse at the finish." There is no problem about interference by Modern Yankee with another horse or driver or concerning any failure by her driver to take to the outside. There is substantial evidence in the record, however, supporting the commission's determination, as well as its findings that Modern Yankee was off gait for approximately 280 feet beyond the sixteenth pole before she resumed trotting and that her driver failed to display proper effort, consistent with commission rules, by having proceeded off gait an unduly long distance in the stretch. There is also substantial evidence from which it could be concluded that the judges presiding over the disputed race were not improperly influenced in arriving at their revised decision by the volunteered remarks of another judge or the contents of a newspaper article. (See *Matter of Sullivan County Harness Racing Assn.* v. *Glasser*, 30 N Y 2d 269, 276; *Matter of Sowa* v. *Looney*, 23 N Y 2d 329, 335–336.) Determinations confirmed, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.