■ ·In the Matter of ANTHONY MACRAE, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD (DIVISION OF HARNESS RACING), Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Racing and Wagering Board (Division of Harness Racing) which affirmed the action of the judges at Batavia Raceway in suspending petitioner's license to drive harness horses for five racing days and ordered the forfeiture of a bond posted by petitioner in connection with the administrative proceeding conducted herein. As the driver of the horse "Sophrunia" in the eighth race at Batavia Raceway on the night of April 3, 1974, petitioner was found by the race judges to have been in violation of the "so-called slowdown rule" of the Division of Harness Racing (9 NYCRR 4117.4 [formerly 19 NYCRR 97.4]) in that he excessively slowed down the field of horses in the first half of that race. Accordingly, the judges suspended his driving license for five racing days and petitioner appealed the decision to the respondent board. Upon the posting by petitioner of a $250 bond as required by the board, a hearing was held on the matter, and the board then made its findings which confirmed the judges' ruling and also ordered the forfeiture of the bond. Thereafter, this proceeding was instituted at which petitioner challenges the board's determination. Petitioner's first contention is that the "slowdown rule" was misapplied in the instant case because track and weather conditions necessitated his setting a slow pace so as not to endanger either himself or his horse. Although the record on this point is in conflict, it clearly contains substantial evidence to the effect that the track condition was fast, visibility was good, and petitioner caused the field of horses in the race to slow down excessively by the pace that he set. With such support as this, the board's determination must be confirmed *(Matter of Miller v Lomenzo,* 43 AD2d 997). As to the forfeiture of the bond, however, we reach a contrary result. Petitioner's ability to obtain a hearing on this matter was conditioned by the board upon his posting of a $250 bond which would automatically be forfeited should his appeal fail. In our opinion, neither the condition precedent nor the ultimate forfeiture can be sustained because they place a price tag upon the exercise of a right to a hearing which is guaranteed by both express statutory language (L, 1963, ch 6, § 1) and the requirements of procedural due process *(Matter of Hecht v Monaghan,* 307 NY 461). Determination modified, by annulling so much thereof as ordered the forfeiture of the bond and directing the return to petitioner of his $250, and, as so modified, confirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.